U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2013 MAR 12 PM 2:38

CLERK
BY ℞
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| ERIC FLORES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES ATTORNEY )<br>GENERAL, UNITED STATES )<br>DEPARTMENT OF HEALTH )<br>AND HUMAN SERVICES, )<br>SIERRA MEDICAL CENTER, )<br>)<br>Defendants. ) | Case No. 5:13-cv-33 |

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT**
(Doc. 1)

Plaintiff Eric Flores claims that unnamed government employees have used satellite transmissions to injure various individuals, including Mr. Flores himself. Before the court is his motion for leave to proceed *in forma pauperis*. Because Mr. Flores's financial affidavit meets the requirements of 28 U.S.C. § 1915(a), his motion to proceed *in forma pauperis* is GRANTED. However, for the reasons set forth below, his Complaint is DISMISSED WITH PREJUDICE. Mr. Flores is representing himself.

I.  **Factual Background.**

Mr. Flores states that he is bringing this action "to complain against diplomatic persons of another nation that have solicit[]ed an organized group of executive employees of the federal government" to use "advanced technology with a direct signal to the satellite in outerspace that has the capability of calculate[]ing a genetic code to cause the petitioner and his immediate relatives severe physical and mental pain for long durations exceeding calendar years which was equivalent in intensity to organ failure, impairment

of body functions, and death." (Doc. 1-2 at 12-13.) As an example of the claims set forth in his 104-page Complaint, Mr. Flores alleges that satellites have caused Cynthia Lorenza Flores to suffer spinal, heart, and abdominal pain; have caused her body temperature to rise to over 110 degrees, resulting in second-degree burns; have caused her to use cocaine; and have communicated "vulgar language" that has led "to sleep deprivation almost resulting in her death requiring medical treatment." *Id.* at 14-17.

Mr. Flores further claims that "the satellite in outerspace [] has the capability of calculat[]ing a genetic code to virtu[ally] communicate threats to use a weapon such as a gun to shoot and cause the death of Cynthia Lorenza Flores," and to "take physical control of [her] mental state of mind while she is driving a vehicle for the purpose of compel[l]ing her into an act of dures[s] such as crashing her vehicle into another object or person." *Id.* at 18-19. He sets forth similar allegations of harm with respect to himself; Javier Vensor Flores Sr.; Andy Flores; Joanna Flores; Steven Flores; Micheal Rene Flores; Evagelina Salas Mendoza; and other Mexican-Americans citizens of the United States whom Mr. Flores names as a potential class of plaintiffs. Mr. Flores also alleges that government officials impaired the bodily functions of young babies, and caused the deaths of several of his relatives.

Some of the victims of these alleged attacks received medical treatment at Sierra Medical Center in El Paso, Texas. Mr. Flores now requests assistance from the U.S. Department of Health and Human Services to determine whether Sierra Medical Center "departed from accepted standards of medical care" by refusing to disclose medical records that would help him prove his theory of satellite attacks. *Id.* at 96. Mr. Flores also requests a grand jury investigation, disclosure by the U.S. Attorney General as to the government's motives for the alleged attacks, and a court order barring government retaliation that might occur as result of this court filing.

This is not the first time Mr. Flores has raised these, or similar, claims in federal court. Indeed, this court recently dismissed a nearly identical action. *See Flores v. U.S. Attorney General*, Case No. 5:13-cv-7 (Doc. 2.) Other courts have also received claims of government employees directing satellite transmissions at Mexican-American citizens.

2

*See Flores v. McDoug*, 2011 WL 2729192, at *1 (W.D. Tex. July 12, 2011); *Flores v. United States Attorney General*, 442 F. App'x 383, 385 (10th Cir. 2011); *Flores v. United States Attorney General*, 434 F. App'x 387, 388 (5th Cir. 2011); *Flores, et al. v. United States*, 2011 WL 1457142, at *4 (Fed. Cl. April 8, 2011). The claims have been uniformly dismissed as frivolous. *Id.* One court has barred Mr. Flores from filing anything further in this regard, noting that he has "a lengthy history of vexatious filings," and imposing a monetary sanction for any future filings. *Flores*, 2011 WL 2729192, at *1-2.

## II. Conclusions of Law and Analysis.

The court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Nonetheless, pursuant to the *in forma pauperis* statute, a district court must dismiss a case if it determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A court also has inherent authority to dismiss a case that presents no meritorious issue. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (holding that a district court may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee); *Pillay v. Immigration & Naturalization Serv.*, 45 F.3d 14, 17 (2d Cir. 1995) (holding that the court has "inherent authority" to dismiss a petition that presents "no arguably meritorious issue").

The Supreme Court has held that a complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (complaint lacks an arguable basis if "the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional"). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly

3

incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33.

Here, the Complaint alleges that unnamed federal employees, acting on behalf of foreign diplomats, have caused and continue to cause harm by means of signals from satellites. The Complaint further alleges that medical documents evidencing such harm have been wrongfully withheld. As noted above, a number of courts have reviewed Mr. Flores's claims previously, and each has dismissed the complaint for lack an arguable basis in law or fact. The same result is warranted here.

The court also notes that with respect to Mr. Flores's assertion of a "protected class" of plaintiffs, a *pro se* litigant may not represent a plaintiff class. *See Nwanze v. Philip Morris Inc.*, 100 F. Supp. 2d 215, 218 n.3 (S.D.N.Y. 2000) (recognizing "the well established federal rule forbidding *pro se* plaintiffs from conducting class action litigation"); *see also Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) ("A person who has not been admitted to the practice of law may not represent anybody other than himself."). Finally, the court declines to *sua sponte* grant Mr. Flores leave to amend his claims, absent some demonstration that a viable claim may be asserted. *See Flores*, 2010 WL 5540951, at *4 (denying leave to amend because amendment would not raise Mr. Flores's claims above "the realm of the irrational and fantastic"); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [*pro se* plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.").

## Conclusion

For the reasons discussed above, and having conducted the review required under 28 U.S.C. §§ 1915(e)(2)(B), Mr. Flores's motion to proceed *in forma pauperis* (Doc. 1) is GRANTED, and this case is DISMISSED WITH PREJUDICE.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 12th day of March, 2013.

Christina Reiss, Chief Judge
United States District Court